UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DMT MAC TRUONG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:25-cv-00514 (UNA) |
| | ) | |
| ELON R. MUSK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application, and as explained in more detail below, dismisses this case without prejudice because it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i), and because plaintiff has failed to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of New Jersey, sues Elon Musk, President Trump, and Vice President Vance. *See* Compl. at 1, 14–16. He also attempts to bring this case on behalf of several other plaintiffs, *see id.* at 1–2, 7–8, 14, which he cannot do. A *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ."); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003) ("[A] class member cannot represent the class without counsel, because a class action suit affects

the rights of the other members of the class"), *aff'd sub nom*. *Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004); *see also Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010) (holding that standing exists only to redress or otherwise to protect against injury to the complaining party and a plaintiff must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n.4 (D.D.C. 2016) (same).

The complaint is disjointed, rambling, and difficult to follow. At its most cognizable, plaintiff alleges that defendants have abused their power and committed high crimes, misdemeanors, and treason. *See* Compl. at 2, 6–7, 14–37. Plaintiff further contends that he used to serve as a personal advisor to defendants, among other high profile public figures, helping them leverage their political careers, and influencing their policies and career trajectories. *See id*. at 2–3. The complaint also covers a hodgepodge of theoretical, philosophical, and personal ruminations, including, but not limited to aliens, Star Wars, plaintiff's "own original philosophy" called "absolute relativity," the "Aristotelian principle of non-contradiction," plaintiff's "4-hour full featured movie," "Christian God 2.0 propaganda," and plaintiff's autobiography. *See id.* at 3, 5, 9–13. Plaintiff asks this court to enter an order declaring defendants' criminality and issuing various sanctions, initiating impeachment proceedings, and deporting Musk to Canada, and he also seeks damages. *See id*. at 7, 36–37.

First, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's chimerical allegations largely fall into this category, and the court is obligated to dismiss claims

as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

Second, under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). "[A] defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Here, plaintiff does not allege an injury that is particularized to himself. He brings this matter as a "fervent patriotic U.S. citizen," who is seeking to protect the U.S. Constitution. *See* Compl. at 1, 3–4, 13. But "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defend. of Wildlife*, 504 U.S. 555, 573–74 (1992); *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . .

. a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Where, as here, a "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009), *cert. denied*, 555 U.S. 1126 (2009).

Furthermore, a President, Vice President, or another federal civil officer's "qualifications [may] be tested, but they do not include direct involvement by the judiciary[,]" which would constitute a violation of the separation of powers. *See Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1377 (M.D. Ga. 2009) (dismissing the plaintiff's challenges to the U.S. President's eligibility for office for lack of standing, as a general grievance, and as frivolous for lack of legal basis), *aff'd*, 368 Fed. Appx. 949 (11th Cir. 2010) (per curiam), *cert. denied*, 562 U.S. 1137 (2011). And while impeachment is indeed the "mechanism" that exists for such a challenge, "that mechanism does not involve the judiciary." *Id*. (citing Art. I, § 3, cl. 6.).

Finally, the decision of whether to criminally prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the

defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (same).

And, similarly, plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a civil complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case and such decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see also Powell*, 359 F.2d at 234–35; *Shoshone–Bannock Tribes*, 56 F.3d at 1480–81. "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Likewise, the Supreme Court has consistently held that private persons have no judicially cognizable interest in procuring enforcement of immigration laws, including deportation of another. *See Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 897 (1984) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Consequently, for all these reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date:   April 17, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge